UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>ENRIQUE AVALOS-BARRIGA (5),<br><br>         Defendant. | Case No.: 95cr973 JM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

Defendant Enrique Avalos-Barriga moves, <u>pro se</u>, for a sentence reduction on the basis of Amendment 782 to the United States Sentencing Guidelines ("the Guidelines" or ("U.S.S.G."). (Doc. Nos. 558, 570.)[1] Amendment 782 revised the Drug Quantity Table in Guidelines section 2D1.1 and reduced by two levels the offense level applicable to many drug offenses.[2] For the following reasons, the court denies Defendant's motion.

## DISCUSSION

In general, a criminal sentence is final upon completion of direct review, and the

---

[1] Defendant also moves for an up-to-date status of his motion, (Doc. No. 561), which the court now denies as moot.

[2] Amendment 788 made Amendment 782 retroactive to previously sentenced defendants, limiting the effective date to November 1, 2015. <u>See</u> U.S.S.G., supp. App'x. C, amend. 788 (2014); U.S.S.G. § 1B1.10.

sentencing court thereafter lacks authority to revisit it.  <u>Dillon v. United States</u>, 560 U.S. 817, 821 (2010); <u>United States v. Leniear</u>, 574 F.3d 668, 673 (9th Cir. 2009).  However, Congress created a limited exception to this rule in 18 U.S.C. § 3582(c), authorizing district courts to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  <u>United States v. Dunn</u>, 728 F.3d 1151, 1155 (9th Cir. 2013).  In such circumstances, a two-step analysis applies.  <u>Dillon</u>, 560 U.S. at 827.  First, the court must determine "the amended guideline range that would have been applicable to the defendant if the relevant amendment had been in effect at the time of the initial sentencing."  <u>Id.</u>  If the defendant is eligible for a sentence modification, the court must next consider any applicable factors under 18 U.S.C. § 3553 to determine whether a modification is warranted.  <u>Id.</u>  But the court must "leave all other guideline application decisions unaffected" and ensure that reductions are "consistent with applicable policy statements issued by the Sentencing Commission."  <u>See generally</u> U.S.S.G. § 1B1.10.

Here, after a jury trial, Defendant was found guilty of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(b).  At his sentencing, the court determined that Defendant was responsible for eight tons of cocaine, which was a level 38 offense.  (<u>See</u> Doc. No. 198.)  In addition, the court adjusted upward four levels for Defendant's role in the offense and calculated a total offense level of 42.  Under the amended Guidelines, responsibility for eight tons of cocaine remains a level 38 offense.  Consequently, Amendment 782 did not lower Defendant's applicable Guidelines range, and Defendant is not eligible for a sentence reduction.

## CONCLUSION

For the foregoing reasons, the court denies Defendant's motions.

IT IS SO ORDERED.

DATED: October 21, 2016

JEFFREY T. MILLER
United States District Judge